*This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **In re:** § | |
| **VENTECH ENGINEERS LP et al.,** § | |
| § | **Case No. 17-33203** |
| **Debtors,** § | |
| § | **Jointly Administered** |
| **RODNEY D. TOW, CHAPTER 7** § | |
| **TRUSTEE FOR THE ESTATES OF** § | |
| **VENTECH ENGINEERS** § | **Adversary No. 20 - 03075** |
| **INTERNATIONAL LLC & VENTECH** § | |
| **ENGINEERS, LP,** § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | |
| § | |
| **FIVE STAR PROPERTIES** § | |
| **BROADWAY LLC, VELOCYS, INC.,** § | |
| **KREG STANLEY, KEVIN STANLEY,** § | |
| **BILL STANLEY, JOHNNY VIRGIN,** § | |
| **IAN ANDERSON & DOES 1-10,** § | |
| § | |
| **Defendants.** § | |

### DEFENDANT VELOCYS, INC.'S MOTION FOR A MORE DEFINITE STATEMENT

Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure and Rule 12(e) of the Federal Rules of Civil Procedure, Defendant Velocys, Inc. ("Velocys") files this Motion for a More Definite Statement (the "Motion") and respectfully shows as follows:

#### I.     Consent to Jurisdiction

1. Velocys consents to the entry of final orders or judgment by this Honorable Court in the above-styled and captioned adversary proceeding.

## II.     Summary of Motion

2.     This is a fraudulent transfer case brought by Plaintiff Rodney D. Tow, as Chapter 7 Trustee of Jointly Administered Case No. 17-33203 (the "Trustee"), but the Trustee's Complaint (Dkt. 1), at least in regard to his claims against Velocys, fails to clearly identify the asset allegedly transferred by the Debtor to Velocys or the alleged transfer in dispute. Without this critical information, Velocys cannot formulate its defenses and, therefore, cannot reasonably respond to the Complaint. The Court should order the Trustee to re-plead its claims against Velocys and provide a clear answer to the following question: "What are the asset(s) and transfer(s) that form the basis of the Trustee's fraudulent transfer claims?"

## III.     Applicable Law

3.     Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). The movant "must point out the defects complained of and the details desired." *Id*.

4.     In regard to the Trustee's actual fraudulent transfer claims against Velocys,[1] a court evaluates the complaint's compliance with Rule 9(b), which requires the Trustee to plead the circumstances constituting fraud with particularity. *Id*. at 12(e); *In re Gulf Fleet Holdings Inc.*, 491 B.R. 747, 761 (Bankr. W.D. La. 2013)("Rule 9(b) applies not only to fraud claims, but also to 'non-fraud' claims that are based upon allegations of fraud. […] Similarly, fraudulent transfer claims based on allegations of actual fraud are subject to the pleading standards of Rule 9(b)."). To satisfy Rule 9(b), a claimant must plead "[…] the who, what, when, where, and how of the misconduct charged […]." *U.S. v. United Healthcare Ins.*, 848 F.3d 1161, 1180 (9th Cir. 2016).

---

[1] The Trustee's actual fraudulent transfer claims against Velocys arise under 11 U.S.C. § 548(a)(1)(A) and Tex. Civ. Prac. & Rem. Code § 24.005(1). The Trustee's constructive fraudulent transfer claims against Velocys arise under 11 U.S.C. § 548(a)(1)(B) and Tex. Bus. & Comm. Code § 24.005(B).

5.      In regard to the Trustee's constructive fraudulent transfer claims against Velocys,[2] a court should assess the complaint in light of the minimal pleading requirements of Rule 8, which requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief. *See In re JCC Envtl., Inc.*, 575 B.R. 692, 697 (E.D. La. 2017).

6.      "When presented with an appropriate Rule 12(e) motion for a more definite statement, the district court shall grant the motion and demand more specific factual allegations from the plaintiff concerning the conduct underlying the claims for relief." *Thomas v. Independence Township*, 463 F.3d 285, 301 (3rd Cir. 2006). A court "has considerable discretion in deciding whether to grant a Rule 12(e) motion." *In re JCC*, 575 B.R. at 697.

7.      The Third Circuit has noted the usefulness of Rule 12(e) motions:

> When a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot reasonably be expected to frame a proper, fact-specific […] defense. […] The Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief.

*Thomas*, 463 F.3d at 301 (citations omitted).

### IV.   Arguments & Authorities

8.      The Trustee's Complaint asserts actual and constructive fraudulent transfer claims against Velocys.[3] The bedrock of these claims is an allegation that there was a fraudulent transfer of an asset to Velocys. *See* TEX. BUS. & COMM. CODE §§ 24.005(a)("A transfer made or obligation incurred by a debtor is fraudulent as to a creditor[…]) and 24.002(12)("Transfer means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance.").

9.      An asset is "property of the debtor," but does not include "property to the extent it

---

[2] *See* Note 1.
[3] *Id.*

is encumbered by a valid lien, property to the extent it is generally exempt under nonbankruptcy law; or an interest in property held in tenancy by the entireties to the extent it is not subject to process by a creditor holding a claim against only one tenant, under the law of another jurisdiction." *Id.* at § 24.002(2)(A).

10. In his Complaint, the Trustee's identification of the asset that was allegedly transferred to Velocys is inconsistent, ambiguous, vague, and ultimately unintelligible. In the first part of the Complaint (Dkt. 1 at ¶¶ 18-40), the Trustee describes the asset transferred to Velocys as a piece of equipment known as the "Velocys Reactor." The Trustee identifies the "Velocys Reactor" as a "separate reactor […] that Ventech valued at $3,577,002" and that, according to the Trustee, was characterized on tax returns filed by Defendant Bill Stanley as equipment. Dkt. 1 at ¶¶ 18, 24, and 27-31.

11. But in the second part of the Complaint (Dkt. 1 at ¶¶ 41-45), the Trustee pleads that the asset transferred to Velocys was not the "Velocys Reactor" itself, but, instead, a "valuable contract interest in the fabrication of the Velocys Reactor." Dkt. 1 at ¶ 41. The Trustee adds that "Ventech did not have possession of the Velocys Reactor," but that some time between September 30, 2016 and December 31, 2016, the Debtor fraudulently transferred "its interest in the Velocys Reactor" to Velocys. Dkt. 1 at ¶¶ 41-42. The Trustee does not attach the alleged contract to which he refers, nor does the Complaint attempt to identify or even describe the contract forming this alleged "valuable contract interest," forcing Velocys to speculate about the identity of the asset and transfer serving as the bedrock of the Trustee's claims. *See id*.

12. Then, in Counts V-IX of its Complaint (Dkt. 1 at ¶¶ 65-83), the Trustee describes the asset forming the basis of the claims against Velocys simply as the "interest in the Velocys Reactor," so it is unclear whether the "interest in the Velocys Reactor" allegedly transferred is an interest in a fabricated piece of equipment, an interest created by an unidentified contract in a piece

of equipment to be fabricated, both, or some other new kind of undescribed asset. Dkt. 1 at ¶¶ 67, 70, 75, and 79.

13. Similarly, the Trustee's description of the alleged transfer to Velocys is nebulous, vague, and ultimately unintelligible. Paragraph 41 is the Trustee's only attempt to describe the alleged transfer of the "interest in the Velocys Reactor" that underlies his claims against Velocys. Dkt. 1 at ¶ 41. In support of Paragraph 41's lone, conclusory allegation that a transfer occurred, the Trustee cites a part of one of Velocys' own financial disclosures, which allegedly reads:

> Other income. In 2016 the Company recognised £2,496,000 as Other income. This relates to non-refundable amounts from Ventech previously recorded in deferred income in respect of the cancellation of a contract with Ventech for reactors. The judgment to recognise this income is based on an assessment of the contractual position, taking into account both the terms of the original contract and subsequent amendments. The Company believes that all obligations under this contract have been fulfilled and therefore that it is probable that the economic benefits associated with the transaction have flowed to the Company and that recognition of the related income is appropriate. This is a binary judgement, and, therefore, the Company has recognised revenue at the point at which the probability criterion was met.

*Id*. This quotation, however, does not describe the alleged transfer from Ventech to Velocys. Instead, it summarizes an accounting decision by Velocys' in 2016 regarding income recognition. Is Velocys' recognition of this income the alleged fraudulent transfer? Or, is Velocys' previous receipt of the non-refundable amounts from Ventech the alleged transfer? Is it both? Or, is the alleged transfer separate, but somehow related to Velocys' recognition of this other income? And, regardless as to the answer, when did the alleged transfer occur? How was the alleged transfer accomplished? Who were the parties to the alleged transfer?

14. Taken as a whole, the Complaint's ambiguous and inconsistent descriptions of the alleged asset and the alleged transfer thereof improperly force Velocys to speculate as to the most basic facts underlying the Trustee's fraudulent transfer claims. While insufficient under either standard, this lack of specificity is especially objectionable with respect to the Trustee's actual

fraudulent transfer claims. *See In re Gulf Fleet Holdings Inc.*, 491 B.R. at 761. To overcome this deficiency, the Complaint needs to be amended to address certain fundamental questions:

- What is the asset that forms the basis of the Trustee's fraudulent transfer claims?
    - Is it a piece of equipment?
    - Is it a contractual right relating to a piece of equipment that was never fabricated?
        - If so, what contract?
            - What is the date of the contract?
            - Who are the parties to the contract?
            - What are the terms of the contract?
            - Has the contract been amended or modified?
            - Is the Trustee claiming Velocys breached the contract?
    - Is it a contractual right relating a piece of equipment that was fabricated?
        - If so, what contract?
            - What is the date of the contract?
            - Who are the parties to the contract?
            - What are the terms of the contract?
            - Has the contract been amended or modified?
            - Is the Trustee claiming Velocys breached the contract?
        - And, if so, what equipment?
            - What is it?
            - Where is it?
            - Who has it?
- What is the transfer the forms the basis of the Trustee's fraudulent transfer claims?
    - When did the transfer occur?

- How was the transfer accomplished?
- Who were the parties to the transfer?

Without the answers to these core questions, Velocys cannot fairly evaluate its defenses to the Trustee's claims. The Court should require the Trustee's Complaint to set forth a clear and uniform description of the asset(s) and transfer(s) that form the basis of the Trustee's fraudulent transfer claims, so that Velocys has a fair opportunity to understand the Trustee's allegations and respond to the Complaint. *See* FED. R. CIV. P. 12(e).

15. For these reasons, Velocys respectfully moves the Court to order the Trustee to re-plead its claims against Velocys to answer the following question: "What is the asset(s) and transfer(s) that form the basis of the Trustee's fraudulent transfer claims?"

## V. Relief Requested

WHEREFORE, Velocys respectfully requests that this Motion be granted ordering the Trustee to provide a more definite statement as requested herein and for all other relief to which it may be justly entitled.

Date:  June 2, 2020.

Respectfully submitted,

*/s/ Mitchell Murphy*

Mitchell Murphy
Texas Bar No. 24037157
Federal I.D. No. 3278398
mitchell.murphy@klgates.com
Elizabeth A. Gilman
Texas Bar No. 24069265
Federal I.D. No. 1120022
beth.gilman@klgates.com
**K&L Gates LLP**
1000 Main Street, Suite 2550
Houston, Texas  77002
713/815-7300 - Telephone
713/815-7301 - Facsimile

-and-

James A. Wright III (pro hac vice pending)
Mass. Bar No. 671822
james.wright@klgates.com
**K&L Gates LLP**
1 Lincoln Street
Boston, MA 02110
617/261-3193 - Telephone
617/261-3175 - Facsimile

**ATTORNEYS FOR
DEFENDANT VELOCYS, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 1, 2020, I conferred with Charles Rubio, counsel for the Trustee, regarding the relief requested in this Motion via telephone, but the parties were unable to resolve the matter.

By: */s/ Mitchell Murphy*
Mitchell Murphy

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and served through the CM-ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case on the 2nd day of June, 2020.

By: */s/ Mitchell Murphy*
Mitchell Murphy